In the Matter of D. Dean BARNARD, Bankrupt.

Hugh Lee NATHURST, III, individually and d/b/a West Coast Tractor Company, and Toreador Inn of Fort Myers, Inc., a corporation, Plaintiffs,

v.

D. Dean BARNARD, individually, and Sonia M. Uransky, Trustee in Bankruptcy, Defendants.

Bankruptcy No. 77–601–Orl–P.

United States Bankruptcy Court, M. D. Florida, Orlando Division.

March 31, 1981.

Morton A. Goldberg, Fort Myers, Fla., for plaintiffs.

D. Dean Barnard, Lawtey, Fla., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM OF OPINION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a claim of non-dischargeability asserted by Hugh Lee Nathurst, III, d/b/a West Coast Tractor Company and Toreador Inn of Fort Myers, Inc. (Nathurst). The claim of non-dischargeability of a debt admittedly owed by D. Dean Barnard (Barnard), the Bankrupt involved in the above-captioned adversary proceeding is based on § 17(a)(2) and § 17(a)(4) of the Bankruptcy Act.

Although the Defendant did not appear at the final evidentiary hearing, the evidence presented by the Plaintiff in support of his claim reveals the following:

Barnard, at the time pertinent to the matter under consideration, was a practicing attorney in Fort Myers, Florida and as such represented Nathurst individually. Barnard also represented the corporate Plaintiff in the sale of the assets of West Coast Tractor Company (West Coast). The purchaser in this transaction was Luxor Corporation (Luxor), a corporation controlled by Barnard. In connection with this transaction, Barnard submitted to Nathurst a financial statement which indicated that Luxor has assets in access of $1,000,000 and cash on deposit in a Lee County Bank in excess of $300,000. In December, 1976, Barnard requested the Plaintiff to loan him $56,500 in order to cover certain checks issued by Barnard payable to John Deere Company who was to be paid in conjunction with the sale mentioned earlier. Barnard told Nathurst when he asked for this loan, that he had out-of-state checks which were in transit which were about to be deposited in his bank account and the loan was a short term proposition and needed only to cover the checks issued to John Deere Company.

During the month of November, 1976, Barnard issued six checks totaling $112,000 to the Plaintiff, all of which were returned by the drawee bank due to insufficient funds. There is no question that Barnard knew at the time he signed the checks that he did not have sufficient funds to cover the checks. The checks were issued by Barnard and tendered as partial payments for the purchase of the assets of West Coast Tractor Company. On November 15, 1976, Barnard also signed and executed promissory notes payable to the Plaintiff in the principal amount of $300,000. These notes were issued as evidence of installment payments due from Barnard for the unpaid balance of the purchase price for the assets of West Coast.

It is without dispute that Nathurst did not receive any payment from Barnard. It is equally without dispute that at the time Barnard submitted the financial statement of Luxor, neither Luxor nor Barnard had any cash deposit in the Lee County Bank. The fact of the matter is that Barnard was overdrawn on his trust account in excess of $48,000. It is equally without dispute that at the time Barnard sought and obtained a loan from the Plaintiff in the amount of $56,500 he had no out-of-state checks coming in and when he issued six checks totaling $112,000 to the Plaintiff, he knew that he had no funds to cover these checks.

Lastly, it is also evident and this Court is satisfied that at the time he signed a series of promissory notes for the unpaid balance of the purchase price for the assets of West Coast he knew that he would not be able to meet the obligations represented by the notes. The Plaintiff, on reliance of these statements and promises, did convey and transfer his interest in West Coast to Luxor.

Based on the foregoing, this Court is satisfied that the Defendant, Barnard, through Luxor, did obtain money and property by false pretenses made with the specific intent to defraud; that the Plaintiff relied on the false representations and pretenses and, therefore, the debt owed by the Defendant to the Plaintiff is not within the protective provisions of the general bankruptcy discharge and the Plaintiff is entitled to a judgment in the principal amount of $468,000 plus the legal interest until the obligation is paid.

A separate final judgment will be entered in accordance with the foregoing.